AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

CHARLES WITHERSPOON

*Plaintiff*

v.

NYC, POLICE OFFICER CHRISTOPHER CERNY
and POLICE OFFICER JOHNPATRICK HARRIGAN

*Defendant*

Civil Action No. 13 Civ. 2055 (HB) (HBP)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Police Officer Christopher Cerny, Transit Bureau, 130 Livingston Street, 3rd Floor, Brooklyn, NY 11201

Police Officer Johnpatrick Harrigan, Transit Bureau, 130 Livingston Street, 3rd Floor, Brooklyn, NY 11201

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: PetersonDelleCave
Woolworth Building
233 Broadway, Suite 1800
New York, NY 10279

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

OCT 2 4 2013

Date: _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

CHARLES WITHERSPOON,

                      PLAINTIFF,           **AMENDED COMPLAINT**

        -AGAINST-                   13 Civ.2055 (HB) (HBP)

NEW YORK CITY, POLICE OFFICER CHRISTOPHER
CERNY and POLICE OFFICER JOHNPATRICK
HARRIGAN individually, and in their capacity as
members of the New York City Police Department,

                      DEFENDANTS.

------------------------------------------------------------------- x

RECEIVED OCT 24 2013 U.S.D.C. S.D.N.Y. CASHIERS

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff Mr. Charles Witherspoon ("Mr. Witherspoon") seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about August 1, 2012, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Witherspoon to false arrest.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff, Mr. Witherspoon, is a citizen of the United States and at all times here relevant resided at 148-11 130th Avenue, Jamaica, New York 11463.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Christopher Cerny ("PO Cerny") and Police Officer Johnpatrick Harrigan ("PO Harrigan") at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Witherspoon is a 32-year-old African American male.

11. Mr. Witherspoon has his GED and has worked various jobs in the service industry.

12. At the time of the incident in question, Mr. Witherspoon was employed as a 'bar back' at the Aqueduct Casino in Queens.

13. Mr. Witherspoon has a passion for dancing and spends much of his recreational time dancing and attending dance exhibitions.

14. On or about August 1, 2012, Mr. Witherspoon was planning to attend a break dancing exhibition in Brooklyn.

15. At approximately 4:00 pm Mr. Witherspoon met with three acquaintances at the train station located at West 14th Street and 8th Avenue in Manhattan, with the intention of going to the break dancing exhibition.

16. As Mr. Witherspoon was speaking to his acquaintances on the mezzanine of the train station, he began to warm up by doing various dance moves.

17. Mr. Witherspoon did not obstruct the flow of pedestrian traffic on the mezzanine, nor was he blocking the flow of pedestrian traffic on the stairwell.

18. Mr. Witherspoon and his acquaintances were approached by PO Cerny and PO Harrigan.

19. PO Cerny asked Mr. Witherspoon for identification.

20. Mr. Witherspoon informed PO Cerny that he did not have identification with him.

21. Mr. Witherspoon provided PO Cerny with his full name, date of birth, and social security number.

22. PO Cerny told Mr. Witherspoon to stay where he was while PO Cerny checked his details.

23. Mr. Witherspoon waited for PO Cerny to return.

24. PO Cerny returned and told Mr. Witherspoon to put his hands behind his back.

25. PO Cerny handcuffed Mr. Witherspoon and, without probable cause or legal justification, arrested Mr. Witherspoon.

26. PO Harrigan observed PO Cerny falsely arresting Mr. Witherspoon, but did nothing to prevent the false arrest.

27. Mr. Witherspoon was transported to the precinct.

28. Mr. Witherspoon was processed and transported to Central Bookings to await his arraignment.

29. On August 2, 2012, at approximately, 10:30 pm, 30 hours after he had been falsely arrested, Mr. Witherspoon was arraigned on a single charge of Disorderly Conduct, a violation under the New York Penal Law.

30. Mr. Witherspoon was granted an Adjournment in Contemplation of Dismissal at his arraignment.

31. As a result of being falsely arrested, Mr. Witherspoon's employer was notified and Mr. Witherspoon was suspended for one week without pay.

32. On or about February 3, 2013, all charges against Mr. Witherspoon were dismissed and sealed.

33. As a result of this incident, Mr. Witherspoon was terminated from his employment at the Aqueduct Casino in Queens.

34. Mr. Witherspoon has subsequently been re-employed by the Aqueduct Casino, however only on a part-time basis and without any benefits.

35. Mr. Witherspoon continues to feel traumatized by the events of August 2012, and is wary and fearful when he sees police officers. Mr. Witherspoon takes efforts to avoid police officers when in public.

36. Mr. Witherspoon suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, loss of liberty, and financial loss.

4

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

37. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

38. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

39. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

40. Defendants confined plaintiff.

41. Plaintiff was aware of, and did not consent to, his confinement.

42. The confinement was not privileged.

43. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(Failure to Intervene)

44. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

45. Defendant PO Cerny arrested plaintiff without probable cause or legal justification.

46. Defendant PO Harrigan knew, or should have known, that PO Cerny did not have probable cause or legal justification to arrest plaintiff.

47. Defendant PO Harrigan failed to intervene to prevent PO Cerny from arresting plaintiff without probable cause or legal justification.

48. Defendant PO Harrigan had sufficient time to intercede and had the capability to prevent PO Cerny from arresting plaintiff without probable cause or legal justification.

49. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this court.

## THIRD CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

50. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

51. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

52. Defendants have deprived plaintiff of his right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

53. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in plaintiff suffering a deprivation of liberty and a violation of his rights.

54. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

55. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

> In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;
>
> Awarding plaintiff punitive damages in an amount to be determined by a jury;
>
> Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;
>
> And such other and further relief as the Court deems just and proper.

Dated:	New York, New York
	October 23, 2013

						By:  *[signature]*
						Justin Delle Cave (JD 0896)

						PetersonDelleCave LLP
						Attorney for Plaintiff
						233 Broadway, Suite 1800
						New York, NY 10279
						(212) 240-9075

7